FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON JOSEPH CUNNINGHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>SPOKANE COUNTY JAIL ADMINISTRATION and SPOKANE COUNTY JAIL OFFICIALS,<br><br>    Defendants. | No.  2:20-cv-0356-SMJ<br><br>**ORDER DENYING MOTION OF ARGUMENT AND DISMISSING ACTION** |

By Order filed October 28, 2020, the Court directed Plaintiff Aaron Joseph Cunningham, a *pro se* pretrial detainee currently housed at Spokane County Detention Services, to show cause why the Court should grant his application to proceed *in forma pauperis*. ECF No. 9 at 4. In the alternative, Plaintiff could have paid the $400.00 filing fee. *Id.* He did neither.

According to court records, Plaintiff has brought at least three other cases that a court dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. *Id.* at 2. *See Cunningham v. Mrphy,* [sic] *et al.*, 2:04-cv-00238-FVS, ECF No. 5 (November 29, 2004) (dismissed without prejudice for failure to state a claim upon which relief may be granted); *Cunningham v. Spokane*

ORDER DENYING MOTION OF ARGUMENT AND DISMISSING
ACTION – 1

*County Jail et al.*, 2:19-cv-00301-SMJ, ECF No. 24 (February 3, 2020) (dismissed with prejudice for failure to state a claim upon which relief may be granted); and *Cunningham v. Unknown Named Agent 1 et al.*, 2:19-cv-00318-SMJ, ECF No. 15 (January 30, 2020) (dismissed with prejudice for failure to state a claim upon which relief may be granted). Consequently, Plaintiff is precluded from proceeding in this action without prepayment of the filing fee under 28 U.S.C. § 1915(g), unless he can demonstrate that he was "under imminent danger of serious physical injury" at the time he filed his complaint. *Id.* at 2.

**MOTION OF ARGUMENT**

On October 30, 2020, Plaintiff filed a 21-page "Motion of Argument," ECF No. 10, in which he recites various constitutional provisions, cites numerous cases, and presents arguments concerning pretrial detention. Plaintiff asserts that "[i]nnocent citizens are being arrested, detained, and locked in jails and [e]nslaved to the rules and regulations of these penal institutions designed to punish duly convicted criminals." *Id.* at 2. To the extent Plaintiff is asserting that the present conditions of his confinement violate due process, he has presented no factual allegations supporting a viable Fourteen Amendment claim. *See Gordon v. Cnty. of Orange,* 888 F.3d 1118, 1125 (9th Cir. 2018).

Plaintiff does not identify the relief he is seeking in this motion. The Court has considered Plaintiff's previously filed "Argument," ECF No. 6, as well as his

ORDER DENYING MOTION OF ARGUMENT AND DISMISSING ACTION – 2

additional supplemental materials, ECF No. 8, in the Order to Show Cause, ECF No. 9 at 3-4. Because Plaintiff has failed to assert any requested relief or his entitlement thereto, the Court denies his "Motion of Argument," ECF No. 10.

## RESPONSE TO ORDER TO SHOW CAUSE AND APPEAL

On November 9, 2020, Plaintiff filed a single-page Response, ECF No. 11, to the Order to Show Cause, ECF No. 9, as well as a construed Notice of Interlocutory Appeal, ECF No. 13. Plaintiff asserts that he is indigent and cannot afford the filing fee because any money he receives is applied to his child support obligations. ECF No. 11. He does not assert that he was "under imminent danger of serious physical injury" as required by 28 U.S.C. § 1915(g). Nor does he challenge the Court's finding that he has brought at least three other cases that were dismissed as frivolous or malicious or for failure to state a claim.

Instead, Plaintiff attached a letter indicating he wished to appeal two of the cases the Court relied on to calculate the "strikes" under 28 U.S.C. § 1915(g), case numbers 2:19-cv-00301-SMJ and 2:19-cv-00318-SMJ, ECF No. 13-2 at 1. He also asked to appeal the Order to Show Cause in this case. *Id.* The letter was construed as a Notice of Appeal and filed separately in each of these cases, and as a Notice of Interlocutory Appeal in this case, ECF No. 13.

The Court notes that on November 10, 2020, briefing was suspended in case number 2:19-cv-00301-SMJ, and Plaintiff was granted twenty-one days to either

ORDER DENYING MOTION OF ARGUMENT AND DISMISSING
ACTION – 3

voluntarily dismiss that appeal or to show cause why it should not be dismissed for lack of jurisdiction, ECF No. 30 at 1-2. On December 9, 2020, the Ninth Circuit Court of Appeals dismissed the appeal in case number 2:19-cv-00318-SMJ for lack of jurisdiction and denied all pending motions. ECF No. 28. *See* 28 U.S.C. § 2107(b); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (requirement of timely notice of appeal is jurisdictional); *see also* Fed. R. App. P. 26(b)(1) (court of appeal may not extend time to file a notice of appeal except as authorized in Fed. R. App. P. 4).

In his letter/Interlocutory Notice of Appeal in this case, Plaintiff contends that he was never notified that his civil suits had been dismissed for failure to state a claim, and he accuses either this Court or the Spokane County Jail of hindering his access to the courts. ECF No. 13-2 at 1. He asserts that he has been "working on these cases for years and would not make a simple mistake." *Id.* Any accusation that legal mail sent to a prisoner was not delivered is concerning. Nevertheless, Plaintiff has presented no facts showing he dutifully prosecuted his prior litigation.

The Court takes judicial notice of the fact that in 2019, Plaintiff filed nine civil rights cases in this district. In five of those cases, documents from the Court were returned as undeliverable both before and after the Court dismissed the actions in June and July 2019 for failure to comply with the filing fee and *in forma pauperis* requirements of 28 U.S.C. §§ 1914(a) and 1915(a). *See Cunningham v. Doe et al.*,

ORDER DENYING MOTION OF ARGUMENT AND DISMISSING ACTION – 4

2:19-cv-00028-SMJ; *Cunningham v. Naphcare Medical et al.*, 2:19-cv-00029-SMJ; *Cunningham v. Walla Walla State Penitentiary, et al.*, 2:19-cv-00047-SMJ; *Cunningham v. Sheriff Superintendant of Jail (Spokane) et al.*, 2:19-cv-00050-SMJ; and *Cunningham v. Washington State et al.*, 2:19-cv-00072-SMJ.

In September and October 2019, Plaintiff filed four additional cases while incarcerated at Spokane County Detention Services. He filed Motions to Voluntarily Dismiss two of them, and they were dismissed on January 8, 2020 and February 3, 2020, respectively. *See Cunningham v. Walla Walla State Penitentiary et al.*, 2:19-cv-00319-SMJ and *Cunningham v. Department of Corrections et al.*, 2:19-cv-00360-SMJ. Copies of the dismissal orders were mailed to Plaintiff at Spokane County Detention Services and were not returned as undeliverable. Plaintiff makes no assertion that he failed to receive these dismissal orders.

During that same period, the Court issued the orders denying pending motions and dismissing case numbers 2:19-cv-00301-SMJ and 2:19-cv-00318-SMJ for failure to state a claim upon which relief may be granted. Like the voluntary dismissal orders, neither of these dismissal orders was returned as undeliverable.

The Court had advised Plaintiff that if he chose to amend and the Court found his amended complaint was frivolous, malicious, or failed to state a claim, the amended complaint would be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) and would count as a "strike" under 28 U.S.C. § 1915(g). *See* Order

Denying Construed Motion for Summary Judgment and Directing Plaintiff to Amend or Voluntarily Dismiss Complaint, 2:19-cv-00301-SMJ, ECF No. 17 at 18; Order Directing Plaintiff to Amend or Voluntarily Dismiss Complaint, 2:19-cv-00318-SMJ, ECF No. 9 at 7. After filing his First Amended Complaints in both actions, Plaintiff filed additional motions in December 2019 and January 2020. Yet, from that time until November 2020, a period of more than ten months, there is no record of any inquiries about the status of these two cases.

Plaintiff did not ask the Court about the disposition of the motions he had noted for hearing in either of the two cases. Nor did he inquire whether his First Amended Complaints had been served or dismissed. Plaintiff neglects to state what efforts he made to prosecute these cases. Consequently, the Court finds no merit in Plaintiff's asserted diligence in the pursuit of these two cases.

Plaintiff has appealed the Order to Show Cause in this action. This challenged order is neither final nor appealable. *See* 28 U.S.C. § 1291; *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981) (order is not appealable unless it disposes of all claims as to all parties). Indeed, on December 9, 2020, the Ninth Circuit Court of Appeals dismissed that appeal for lack of jurisdiction. *See* ECF No. 17. The Court now resolves the *in forma pauperis* issue in this case.

//

//

**DISMISSAL**

Despite Plaintiff's present efforts to appeal actions dismissed for failure to state a claim upon which relief may be granted in January and February 2020, he is precluded from proceeding *in forma pauperis* in this action. "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (concluding that where prisoner filed multiple other lawsuits while appeal of dismissal of third complaint was pending, the prisoner was not entitled to *in forma pauperis* status in the successive suits).

Without a showing that Plaintiff was "under imminent danger of serious physical injury" at the time he filed his complaint, Plaintiff has lost the privilege of filing this lawsuit *in forma pauperis* under 28 U.S.C. § 1915(g). Although granted the opportunity to do so, Plaintiff did not pay the $400.00 filing fee to commence this action filed on October 2, 2020, ECF No. 1. As a result, this Court dismisses this action without prejudice for failure to comply with the filing fee requirements of 28 U.S.C. § 1914.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's "Motion of Argument," **ECF No. 10**, is **DENIED**.

2. This action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the filing fee requirements of 28 U.S.C. § 1914.

ORDER DENYING MOTION OF ARGUMENT AND DISMISSING ACTION – 7

**3.**     The Court certifies any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order, enter judgment, provide copies to *pro se* Plaintiff at his last known address, and **CLOSE** the file.

**DATED** this 14th day of December 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION OF ARGUMENT AND DISMISSING ACTION – 8